IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES PHILIP MARSH, #698489, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1478 |
| | § | |
| THE 412TH DISTRICT COURT, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER OF DISMISSAL**

Charles Philip Marsh, TDCJ-CID #698489, a state inmate proceeding *pro se*, filed this complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by three state courts. Based on consideration of the pleadings, the record, and the applicable law, the Court DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff complains, and public state court records show, that plaintiff filed a *pro se* civil lawsuit in the 412th District Court of Brazoria County, Texas, against prison officials for conversion, negligence, denial of access to courts, and denial of due process. The trial court granted summary judgment in favor of the defendants and dismissed the lawsuit. The Fourteenth Court of Appeals in Houston, Texas, affirmed the dismissal, and the Texas Supreme Court denied review. *See Marsh v. Livingston*, No. 14-09-00011-CV (Tex. App. – Houston [14th Dist.] 2010, pet. denied).

Plaintiff complains here that the state courts violated his constitutional rights by erroneously granting summary judgment and denying his appeals without holding an evidentiary hearing to consider whether the defendants' summary judgment affidavits were fraudulent and perjured. He seeks injunctive relief ordering an evidentiary hearing on the validity of the affidavits, reconsideration of the motion for summary judgment, a new appeal if necessary, and an award of monetary damages.

*Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

This Court is without jurisdiction to consider plaintiff's complaints regarding the state courts' rulings. Under the Rooker-Feldman doctrine, federal courts are deprived of subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280 (2005). Unsuccessful state court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Turner v. Cade*, 2009 WL 3817007, *2 (5th Cir. 2009); *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986). Similarly, a plaintiff cannot circumvent the Rooker-Feldman jurisdictional limitation by asserting claims framed as original claims for relief if the claims are "inextricably intertwined" with the state court judgment. *Id.*; *see also United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

Plaintiff's claims in the instant case – that the state courts erroneously relied on fraudulent and perjured summary judgment affidavits without holding an evidentiary hearing – are inextricably intertwined with the merits of his underlying state lawsuit and appeals. This Court could not rule in plaintiff's favor on these claims without setting aside the state courts' rulings. Even though characterized as violations of federal law, plaintiff's claims are barred by the Rooker-Feldman doctrine. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317-18 (5th Cir. 1994) (holding that "[t]he casting of a complaint in the form of a civil rights action cannot circumvent" the Rooker-Feldman doctrine).

Regardless, plaintiff's claims against the state court judges are barred by judicial immunity. The Supreme Court has consistently adhered to the rule that judges defending against section 1983 actions enjoy absolute immunity for acts performed in their judicial capacities. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The are only two instances when judicial immunity does not apply: (1) when the judge was not acting in his judicial capacity;

3

and (2) when the judge acted in complete absence of jurisdiction, even if the actions were judicial in nature. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Neither of these two situations applies in this case. Plaintiff makes no allegations that the state court judges were acting outside their judicial scope or that they acted in complete absence of jurisdiction. Rather, he asserts that their rulings were erroneous because they relied on purportedly fraudulent and perjured summary judgment evidence. Under plaintiff's own allegations, any possible wrongdoing by the state court judges was strictly limited to acts performed in their judicial capacity.

Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Accordingly, plaintiff's claims against the state court judges are barred by judicial immunity.

*Plaintiff's Ancillary Statement*

In addition to his complaint, plaintiff filed a document entitled, "Denial of Access to Court Statement," in which he complains of lack of access to legal books regarding 28 U.S.C. § 1343 for purposes of filing this lawsuit. (Docket Entry No. 2.) Giving the statement a liberal construction in conformity with plaintiff's complaint, the Court does not

4

construe this statement as intending to raise a section 1983 claim for violation of plaintiff's First Amendment rights. Such claim would be unrelated to his instant claims against the state courts, would not arise out of the same set of facts or transactions, and would need to be brought in a separately-filed civil rights lawsuit.

*Conclusion*

This lawsuit is DISMISSED FOR LACK OF JURISDICTION. In the alternative, the lawsuit is DISMISSED under 28 U.S.C. § 1915A as barred by judicial immunity. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on April 26, 2011.

Gray H. Miller
United States District Judge